[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence : November 15, 1991 Date of Application : November, 1991 Date Application Filed : December 13, 1991 Date of Decision : August 25, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket No. CR90-401624; CT Page 8793
Kweku J. Hanson, Esq., Defense Counsel, for Petitioner. Christopher Morano, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner entered guilty pleas to three (3) Counts of Robbery, 1st degree (C.G.S. Section 53a-134(a)(4); One (1) Count of Kidnapping, 2nd degree (C.G.S. Section53a-94(a); and two (2) Counts of Attempted Assault, 1st degree (C.G.S. Section 53a-59(a)(1).
At the time he entered his pleas there was a court indicated sentence of fifteen years, with the right to argue for less. The petitioner received sentences of thirteen (13) years on each count, all concurrent, for a total effective sentence of thirteen (13) years.
The factual predicate for these crimes is as follows:
On January 8, 1991, at approximately 10:15 p.m., the petitioner, armed with a handgun went into a Hartford Pizza Restaurant and ordered those people inside to lie on he floor. He forced two male employees to hand over their money, ordered a female employee to open the register and took money from it. He then grabbed the female by the hair and either dragged her or forced her to his car at gun point. While he was opening the car door she broke away and fled. The petitioner fired a shot as she was fleeing, but she was not hit. At this time two detectives were flagged down and pursued the petitioner's vehicle. The petitioner stopped abruptly and left his vehicle pointing his handgun at the police officers, one of whom then shot the petitioner.
The petitioner who is a native of Nyeri, Africa is college educated, and came to this country in 1989 to better himself. He is a good worker without any prior criminal record, and the events of this particular incident cannot be adequately explained as they were out of character for the petitioner. (Although he does state he was intoxicated).
As the sentencing court noted, whether out of character CT Page 8794 or not, the seriousness of the crimes cannot be denied. Nor can one say with assurance that the petitioner does not pose a threat to the community given the violence he showed himself capable of using. The Court noted that charges of this nature usually result in a more severe sentence being imposed than the one it indicated it would impose.
The sentencing court weighed and considered all the factors and circumstances of the case. It gave the petitioner the consideration it felt it could give for the positive things in his background.
There are multiple purposes for imposing a particular sentence. The Division has considered them together with the standards for sentence review. (Practice Book Section 942).
The Division finds the sentence imposed was reasoned, considered, proportionate and reasonable. It is affirmed.
The petitioner, after consultation with his attorney, waived his right to a three judge panel and elected to have his petition heard by a panel of two judges.
KLACZAK, J.
PURTILL, J.
Purtill and Klaczak, J.s, participated in this decision.